NASHVILLE SPOKE & HANDLE COMPANY *v.* THOMAS.

*(Nashville.*    December Term, 1904.)

1. **MASTER AND SERVANT.**  Evidence of such contributory negligence as shows no evidence to sustain a verdict in favor of plaintiff.

Where a servant of mature age knows the danger of a machine, and used his hand instead of an instrument furnished him for use, whereby he is injured, he is guilty of such contributory negligence as will defeat his action against the master, for personal injuries; and in such case there is no evidence to support a verdict in favor of the servant.  (*Post, pp.* 459, 460.)

2. **NEW TRIALS.**  Rule to govern action of trial judge on motion for, on the ground that the verdict is against the weight of testimony.

On a motion for a new trial on the ground that the verdict is against the weight of the testimony, the trial judge should carefully consider the credibility of the witnesses, and weigh the testimony to determine whether the jury was warranted in its verdict by a preponderance of evidence, and should not overrule the motion simply because there is some evidence to support the verdict.  (*Post, pp.* 460-462.)

Case cited and approved:  Telephone & Telegraph Co. v. Smithwick, 4 Cates, 463.

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County. —J. A. CARTWRIGHT, Judge.

W. H. WILLIAMSON, for Spoke & Handle Co.

A. B. ANDERSON, for Thomas.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

This suit was instituted by the defendant in error to recover of the plaintiff in error damages for a personal injury sustained by him. The declaration alleges that the relation of master and servant existed between these parties, and that the defendant in error was inexperienced in the work that he was set to do, and that, as the result of the master's failure to properly warn and instruct him with regard thereto, he received the injury complained of. At the time the accident occurred, the defendant in error was removing shavings from the rear of a lathe machine, which had accumulated from the operation of that machine. These shavings were made by knives revolving within the machine coming in contact with pieces of timber introduced by the operator. In front these knives were exposed to view. The top and rear of the machine, however, were covered so that one standing at the back could not see the knives on the inside.

The record shows that the defendant in error was a man over fifty years of age. He had gone to work in the shop where this machine was placed about seven o'clock in the morning, and for an hour or more thereafter was engaged in operating a saw which cut and

prepared the sticks of timber for the lathe machine. He was taken at the end of that time from this saw, and put to removing the shavings which collected back of the lathe machine. To carry on his work, a scoop was given him, with which he was expected to gather up the shavings and place them in a wheelbarrow for removal. He was thus engaged for several hours, when he was directed, as he says, to press the accumulated pile down from the machine, and, instead of using the scoop, undertook to do this with his hands. In the act of pressing down the pile, his left hand came in contact with the knives revolving on the inside, with the result that he lost a portion of the fingers of the left hand. In his testimony, the defendant in error says that he had been on both sides of the machine, that he knew that it had saws or knives on the inside that were used for the purpose of cutting the sticks of timber that were introduced by the operator, and that he had noticed that there was a cover over this machine to keep the shavings from flying away.

Upon these facts, we think the assignment of error that there was no evidence to sustain the verdict in favor of the plaintiff in the court below is well taken.

Independent of this ground for reversal, we would feel bound to set aside the judgment and remand the case because of a failure in the court below to apply a well-settled rule which should control the circuit judge in disposing of a motion for a new trial where the ground is, as in the present case, that the verdict of the

jury is against the weight of the testimony.    When this
ground was pressed upon the trial judge, he overruled
the motion because he found, as stated by him, some evi-
dence to support the verdict. In other words, he applied
the rule enforced in common-law actions in all appel-
late courts—that, when the judgment of the lower court
is challenged upon the ground that the verdict is
without evidence to support it, the objection will be
overruled when the court of last resort finds some ma-
terial testimony in the record upon which the finding of
the jury can rest.    This rule has been adopted from the
consideration that the trial judge has heard the testi-
mony submitted in the course of the trial, has seen the
demeanor of the witnesses, and upon the motion for a
new trial has carefully reviewed the case, and come to
the conclusion that the jury were warranted, by a pre-
ponderance of the evidence, in reaching their verdict.
Unless this duty is performed by the trial judge, it will
be readily seen that great injustice may be done to an
unsuccessful but worthy litigant.    The appellate court,
by a long-established rule, is shut off from an examina-
tion as to the credibility of witnesses and from a weigh-
ing of the testimony in order to see where the right is
upon an issue of fact; and, if this service is not render-
ed by the trial judge, then irremediable wrong may re-
sult.    The necessity for the discharge of this duty by
the lower courts has been   frequently   emphasized by
opinions delivered by this court, and the philosophy of
the rule which gives so much sanction to the judgment

of these courts has been recently stated in an opinion delivered by Neil, J., in the case of *Cumberland Telephone & Telegraph Co.* v. *Smithwick,* 4 Cates, 463, 79 S. W., 803.

For these reasons, the judgment in this case is reversed, and the cause remanded for a new trial.